O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Case No. 2:16-CV-08659 (VEB)

ALLEN M. HARDIN,

                Plaintiff,

vs.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In April of 2013, Plaintiff Allen M. Hardin applied for Disability Insurance benefits and Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the applications.[1]  Plaintiff, represented

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

by the Law Offices of Lawrence D. Rohlfing, Steven G. Rosales, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 12, 13, 30). On January 5, 2018, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 29).

## II. BACKGROUND

Plaintiff applied for benefits on April 19 and 23, 2013. (T at 159-64).[2] The applications were denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On March 17, 2015, a hearing was held before ALJ Joan Ho. (T at 37). Plaintiff appeared, was represented by an attorney, and testified. (T at 41-55). The ALJ also received testimony from Alan Ey, a vocational expert (T at 55-58).

On May 4, 2015, the ALJ issued a written decision denying the applications for benefits. (T at 14-35). The ALJ's decision became the Commissioner's final decision on September 19, 2016, when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

---

[2] Citations to ("T") refer to the transcript of the administrative record at Docket No. 19.

DECISION AND ORDER – HARDIN v BERRYHILL 2:16-CV-08659-VEB

On November 21, 2016, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 1). The Commissioner interposed an Answer on May 11, 2017. (Docket No. 18). The parties filed a Joint Stipulation on March 28, 2018. (Docket No. 32).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision should be affirmed and this case must be dismissed.

## III. DISCUSSION

### A.    Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A),

1382c(a)(3)(B). Thus, the definition of disability consists of both medical and

vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process

for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step

one determines if the person is engaged in substantial gainful activities. If so,

benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the

decision maker proceeds to step two, which determines whether the claimant has a

medically severe impairment or combination of impairments. 20 C.F.R. §§

404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of

impairments, the disability claim is denied. If the impairment is severe, the

evaluation proceeds to the third step, which compares the claimant's impairment(s)

with a number of listed impairments acknowledged by the Commissioner to be so

severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii),

416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or

equals one of the listed impairments, the claimant is conclusively presumed to be

disabled. If the impairment is not one conclusively presumed to be disabling, the

evaluation proceeds to the fourth step, which determines whether the impairment

prevents the claimant from performing work which was performed in the past. If the

claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.      Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is

supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

DECISION AND ORDER – HARDIN v BERRYHILL 2:16-CV-08659-VEB

Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.   Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 9, 2012 (the amended alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 1991. (T at 19). The ALJ found that Plaintiff's obesity, degenerative disc disease of the lumbar spine, sciatica, and lumbago were "severe" impairments under the Act. (Tr. 19).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 21).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 416.967 (b), with the following limitations: he can lift/carry 20 pounds occasionally and 10 pounds

frequently; he can sit/stand/walk for 6 hours in an 8-hour workday; he can sit, stand, or walk for 6 hours in an 8-hour workday; he can occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds; he can occasionally balance, stoop, kneel, crouch, and crawl, but must avoid concentrated exposure to workplace hazards such as dangerous moving machinery and unprotected heights. (T at 21).

The ALJ found that Plaintiff had no past relevant work. (T at 28). Considering Plaintiff's age (50 on the alleged onset date), education (at least high school), work experience, and residual functional capacity, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 28-29).

As such, the ALJ found that Plaintiff was not entitled to benefits under the Social Security Act from April 9, 2012 (the alleged onset date) through May 4, 2015 (the date of the ALJ's decision). (T at 29-30). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

**D.    Disputed Issue**

As set forth in the parties' Joint Stipulation (Docket No. 32), Plaintiff offers one argument in support of his claim that the Commissioner's decision should be reversed. Plaintiff challenges the ALJ's credibility determination.

DECISION AND ORDER – HARDIN v BERRYHILL 2:16-CV-08659-VEB

# IV. ANALYSIS

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows: He was 53 years old, weighed 304 pounds, and was 6' 1" tall as of the date of the administrative hearing. (T at 42). He lives in an apartment and does not have a driver's license. (T at 42). He uses public

transportation 1 to 2 times per month. (T at 42). He completed 10th grade and received special education services due to reading and writing difficulties. (T at 43). He can write his name, but cannot write a simple list. (T at 45). His back pain is "outrageous" and "terrible." (T at 46). The pain is exacerbated by being on his feet for more than 10 or 15 minutes. (T at 46). Prolonged sitting is painful. (T at 47). Neck pain and stiffness are also issues. (T at 47-48). The neck pain radiates down his left side through his calf to the bottom of his feet. (T at 49). Ankle swelling is brought on by physical activity lasting more than 90 minutes. (T at 49). He obtains pain medication from the hospital. (T at 49). Bending at the waist causes extreme pain. (T at 50).

As of the date of the hearing, he was not receiving any regular treatment for his ailments. (T at 51). When the pain becomes too severe, he visits the hospital to obtain pain medication. (T at 51). This happens one to three times per month. (T at 51-52). He has not been treated by an orthopedist since 2012. (T at 53). His pain level is a 9 or 10. (T at 53). He is prevented from working by his severe back and neck pain. (T at 54). He can lift between 5 and 10 pounds. (T at 54).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that his statements

DECISION AND ORDER – HARDIN v BERRYHILL 2:16-CV-08659-VEB

concerning the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 24).

This Court finds that the ALJ's credibility determination was supported by substantial evidence and consistent with applicable law.

First, the ALJ noted that Plaintiff's testimony was contradicted by the objective medical evidence. This finding was supported by a through and detailed discussion of the medical record. (T at 24-27). Although Plaintiff frequented the emergency room with complaints of excruciating pain, clinical examinations generally revealed no significant objective findings. (T at 416-17, 454-56, 600, 681-82). MRIs and x-ray results were likewise not consistent with Plaintiff's severe allegations. (T at 23-27). Two State Agency review physicians assessed limitations generally consistent with the ALJ's RFC determination. (T at 27).

Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ may consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). In other words, an ALJ may properly discount subjective complaints where, as here, they are contradicted by medical records. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002).

Second, the ALJ noted that Plaintiff had a conservative course of treatment, *e.g.*, no surgical intervention, no treatment from a specialist. (T at 23-24). "Evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding the severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007); *see also Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012)("Although [claimant] provided reasons for resisting treatment, there was no medical evidence that … resistance was attributable to her mental impairment rather than her own personal preference, and it was reasonable for the ALJ to conclude that the 'level or frequency of treatment [was] inconsistent with the level of complaints.'")(quoting SSR 96-7p).

Third, the ALJ noted that medical personnel suspected Plaintiff of narcotic seeking behavior. (T at 24, 416, 455, 600, 634). This is an appropriate basis for discounting a claimant's complaints. *See Lewis v. Astrue*, 498 F.3d 909, 910 (9th Cir. 2007); *Koellman v. Astrue*, No. CV-09-261, 2010 U.S. Dist. LEXIS 83774, at *18 (E.D.Wa. Aug. 16, 2010)("Drug seeking behavior is a well recognized reason to discount credibility.").

In addition, Dr. Rosa Colonna, a clinical psychologist, was unable to complete a consultative examination due to Plaintiff's poor effort and symptom exaggeration. (T at 915). Failure "to give maximum or consistent effort" during medical

DECISION AND ORDER – HARDIN v BERRYHILL 2:16-CV-08659-VEB

evaluations is "compelling" evidence that the claimant is not credible. *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002).

Fourth, the ALJ found that Plaintiff's activities of daily living, which including preparation of simple meals, performing household chores, attending to personal grooming, and using public transportation contradicted his claims of total disability. (T at 23). When assessing a claimant's credibility, the ALJ may employ "ordinary techniques of credibility evaluation." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 n.3 (9th Cir. 2010)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)). Activities of daily living are a relevant consideration in assessing a claimant's credibility. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Although the claimant does not need to "vegetate in a dark room" to be considered disabled, *Cooper v. Brown*, 815 F.2d 557, 561 (9th Cir. 1987), the ALJ may discount a claimant's testimony to the extent his or her activities of daily living "contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2011).

There is no question that Plaintiff suffers from some pain resulting from his impairments and that pain limits his ability to perform some work-related activities. However, the fact that a claimant suffers from pain, even significant pain, is not sufficient to justify an award of benefits. Rather, the pain must be so severe as to

preclude gainful employment. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)("[M]any medical conditions produce pain not severe enough to preclude gainful employment. The Disability Insurance and Supplemental Security Income programs are intended to provide benefits to people who are unable to work; awarding benefits in cases of nondisabling pain would expand the class of recipients far beyond that contemplated by the statute."); *Curbow v. Colvin*, No. CV-14-8222, 2016 U.S. Dist. LEXIS 12147, *16 (D. Ariz. Feb. 1, 2016)("[D]isability requires more than mere inability to work without pain.").

Plaintiff argues that the ALJ should have weighed the evidence differently and given more credence to his subjective complaints. However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

DECISION AND ORDER – HARDIN v BERRYHILL 2:16-CV-08659-VEB

In light of the above, this Court finds that the ALJ's credibility determination must be sustained. *See Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999)("[Q]uestions of credibility and resolutions of conflicts in the testimony are functions solely of the [Commissioner].").

## V.     CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the examining medical providers and the non-examining consultants, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and substantial evidence supports the Commissioner's decision.

DECISION AND ORDER – HARDIN v BERRYHILL 2:16-CV-08659-VEB

**VI. ORDERS**

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision; and

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case.

DATED this 30th day of April 2018,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – HARDIN v BERRYHILL 2:16-CV-08659-VEB